# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

NATIONSTAR MORTGAGE LLC,

    Plaintiff(s),

v.

THUNDER PROPERTIES,

    Defendant(s).

Case No.: 2:17-cv-00713-JAD-NJK

**ORDER**

The Court ordered Defendant to answer or otherwise respond to the complaint by May 24, 2019. Docket No. 20 at 1. Defendant violated that order and, instead, responded to the complaint more than a month later on July 2, 2019. Docket No. 23. Pending before the Court is the order for Defendant's counsel to show cause why sanctions should not be imposed. Docket No. 22.[1] Defendant's counsel responded to that order to show cause. Docket No. 25.

This is one of hundreds of cases arising out of homeowner association foreclosure sales. Counsel asserts that his failure to comply with the Court's order stems primarily from an oversight caused by having "a great many pending homeowners association lien litigation cases." Docket No. 25 at 3. Hence, counsel seeks to be excused from complying with the basic orders of this Court because he has overextended himself.[2] "This explanation is simply no defense at all."

---

[1] The order to show cause was also directed at Defendant itself, but that aspect of the order to show cause is hereby **DISCHARGED** as the fault for the violation lays squarely with counsel.

[2] Counsel also asserts that the parties were attempting to settle this case and that there was discussion of a possible amended complaint, so counsel did not want to incur the expense of

*Greene v. Alhambra Hosp. Med. Ctr.*, 2015 U.S. Dist. 72697, at *4 (D. Nev. June 3, 2015). "When parties choose to undertake mass litigation, they must make the proper preparations for doing so." *U.S. Bank N.A. v. SFR Invs. Pool 1, LLC*, 2018 WL 701816, at *1 (D. Nev. Feb. 2, 2018). "Regardless of how many cases involving homeowners' association foreclosure sales an attorney or law firm is handling, the attorney handling a particular case has an obligation to exercise due care and reasonable professional diligence in that particular case." *Carisbrook Asset Holding Trust v. SFR Invs. Pool 1, LLC*, 2019 WL 2393614, at *3 n.2 (D. Nev. June 6, 2019). Quite simply, the overextension of counsel is not a valid excuse for violating a clear order; it is cause for alarm.[3]

Orders setting deadlines are critical to the Court's management of its docket and violations of such orders are neither technical nor trivial. *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999). Having proffered no legitimate excuse for violating the order in this case, sanctions are appropriate. *Cf. U.S. Bank*, 2018 WL 701816, at *3 (imposing a fine on counsel who violated order setting deadline to file amended complaint). As a means of deterring similar misconduct moving forward, the Court will impose a fine of $200 on counsel. This fine must be paid by counsel personally, and may not be passed on in any way to the client. Payment shall be made to the "Clerk, U.S. District Court" no later than July 22, 2019. A notice of payment shall be filed by July 23, 2019. Counsel is cautioned that his course must be corrected as future violations may result in more significant sanctions. *See, e.g.*, *Garcia v. Geico Cas. Co.*, 2014 WL 7474773, at *4 (D. Nev. Jan. 6, 2014) (imposing quintupled sanction for repetition of same misconduct).

---

complying with the Court's order. *See* Docket No. 25 at 3-4. At the outset, this excuse is completely at odds with counsel's assertion that the violation of the Court's order was inadvertently caused by his competing professional commitments. Either he was too busy to mind the deadline or he intentionally chose to ignore it in an effort to save money; it cannot be both. At any rate, choosing to ignore an order is not allowed. To the extent grounds existed to extend the deadline that had been set, a request for relief had to be filed. Absent the granting of such request, compliance with the Court's deadline was mandatory.

[3] Counsel attests that the violation of this order was due to inadvertence. *See* Docket No. 25 at 4. As noted above, that assertion is contradicted by counsel's own assertions that he chose to violate the order in an effort to save resources. At any rate, Rule 16(f) sanctions may be imposed regardless of whether the violation was intentional. *See, e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Whatever counsel's intent, the excuses proffered do not provide a reasonable justification for the violation at issue.

In all other respects, the order to show cause is **DISCHARGED**.

IT IS SO ORDERED.

Dated: July 8, 2019

_____
Nancy J. Koppe
United States Magistrate Judge