1  ROGER P. CROTEAU, ESQ.
   Nevada Bar No. 4958
2  TIMOTHY E. RHODA, ESQ.
   Nevada Bar No. 7878
3  ROGER P. CROTEAU & ASSOCIATES, LTD.
   2810 West Charleston Blvd. #75
4  Las Vegas, Nevada 89102
   (702) 254-7775
5  (702) 228-7719 (facsimile)
   croteaulaw@croteaulaw.com
6  *Attorney for Defendant*
   **THUNDER PROPERTIES, INC.**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | |
| Plaintiff, | Case No. 2:17-cv-00713-JAD-NJK |
| vs. | |
| THUNDER PROPERTIES, INC., | ECF No. 68 |
| Defendant. | |

**STIPULATION FOR ENTRY OF FINAL JUDGMENT AND TO DISMISS**

COMES NOW, Defendant, THUNDER PROPERTIES, INC. (*"Thunder"*), and Plaintiff, NATIONSTAR MORTGAGE LLC (*"Nationstar"*), by and through their undersigned counsel, and hereby stipulate and agree as follows:

1. The instant matter involves real property commonly known as 3433 Skyline Boulevard, Reno, Nevada 89509 (*"the "Property"*), which is located within and governed by a common interest community known as Skyline Villas Association, Inc. (*the "HOA"*). The Property was the subject of a homeowners association lien foreclosure sale conducted by Hampton & Hampton Collections, LLC (*"Hampton" or "HOA Trustee"*), on behalf of HOA on November 12, 2013 (*"HOA Foreclosure Sale"*). Thunder purchased the Property at the HOA

Page 1

Foreclosure Sale. Nationstar or its predecessor possessed one or more secured interests in the Property at the time of the HOA Foreclosure Sale.

2. Pursuant to an Order dated September 29, 2020 [ECF #57], this Court determined that HOA and Hampton failed to provide statutorily required notice to the holder of the first deed of trust recorded against the Property as required by law and that the HOA Foreclosure Sale is thus voidable. The Court further directed the parties to file supplemental briefs addressing the proper remedy given the finding of voidability.

3. Nationstar filed a supplemental brief on October 16, 2020 [ECF #58], pursuant to which it argues that the HOA Foreclosure Sale should be deemed valid but that Thunder should be deemed to have purchased the Property subject to its secured interest(s). Thunder filed a response brief on October 30, 2020 [ECF #59], pursuant to which it argues that under circumstances such as those at hand, the HOA Foreclosure Sale should be voided at Thunder's option. Nationstar filed a reply brief on November 11, 2020 [ECF #60]. The supplemental briefing remains pending before the Court at this time.

4. Since the entry of the Court's Order dated September 29, 2020, Thunder and Nationstar have entered into a confidential settlement agreement resolving their respective claims in and to the Property. Pursuant to said agreement, Thunder has paid agreed upon consideration to Nationstar in exchange for the release of any secured interest held by Nationstar in the Property, as well as an associated secured interest held by HUD. Thunder shall retain ownership of the Property.

5. Pursuant to the parties' settlement agreement, Thunder and Nationstar stipulate and agree that the HOA Foreclosure Sale was not void. Specifically, the parties stipulate and agree that the HOA Foreclosure Sale was valid and effective despite the noticing deficiency to Nationstar or its predecessor. Thunder and Nationstar further stipulate and agree that, at the time of the HOA Foreclosure Sale, Thunder acquired title to the Property subject to the secured interests of Nationstar and

HUD.

6. Pursuant to the parties' settlement agreement, Thunder and Nationstar stipulate and agree that, as between themselves, title to the Property shall be quieted in the name of Thunder. Nationstar disclaims any continuing security interest in the Property. Neither the parties' settlement agreement nor this Stipulation shall affect the rights of Thunder or Nationstar as to any other party.

7. The parties' settlement agreement and this Stipulation having resolved all matters related to the Property as between Thunder and Nationstar, the instant action shall be dismissed with prejudice with each party bearing its own costs and fees.

Dated this    25th    day of August, 2021.

ROGER P. CROTEAU & ASSOCIATES, LTD.

AKERMAN LLP

/s/ Timothy E. Rhoda
ROGER P. CROTEAU, ESQ.
Nevada Bar No. 4958
TIMOTHY E. RHODA, ESQ.
Nevada Bar No. 7878
2810 West Charleston Blvd. #75
Las Vegas, Nevada 89102
(702) 254-7775
croteaulaw@croteaulaw.com
*Attorney for Defendant*
*Thunder Properties, Inc.*

/s/ Melanie D. Morgan
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
DONNA M. WITTIG, ESQ.
Nevada Bar No. 11015
1635 Village Center Cir., Suite 200
Las Vegas, NV 89134
702-634-5000
702-380-8572 (fax)
melanie.morgan@akerman.com
donna.wittig@akerman.com
*Attorney for Plaintiff*
*Nationstar Mortgage, LLC*

**ORDER**

Based on the parties' stipulation [ECF No. 68] and good cause appearing, IT IS SO ORDERED. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 25, 2021